# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DANNY WILLIAMS,
    Plaintiff,

v.

RAY STANELLE,
DOUG SILVIA,
RALPH BATTLE,
GRIFFIN,
CLARK,
GARRY HALL,
JAMES DONALD,
JOSEPH FERRERO,
ALAN ADAMS,
jointly and severally in their
individual and official capacities,
VICTOR WALKER,
    Defendants.

PRISONER CIVIL RIGHTS
42 U.S.C. § 1983

CIVIL ACTION NO.
1:04-CV-1844-JEC

## ORDER

Plaintiff, currently incarcerated at Smith State Prison in Glennville, Georgia, filed this pro se civil rights action, as amended, under 42 U.S.C. § 1983 and is proceeding in forma pauperis. (Docs. 1, 4-6). The matter is now before the Court for a frivolity determination under 28 U.S.C. § 1915A.

AO 72A
(Rev.8/82)

## I. 28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., the factual allegations are "clearly baseless," the legal theories are "indisputably meritless," or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.) (citations omitted), cert. denied, 510 U.S. 893 (1993). A litigant fails to state a claim when "no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (reviewing Fed.R.Civ.P. 12(b)(6) dismissal for failure to state a claim); see also Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1279-80 (11th Cir. 2001) (applying Rule 12(b)(6) standards in reviewing § 1915A dismissal for failure to state a claim).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of plaintiff's factual allegations and construes them favorably to the plaintiff. Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). Additionally, the

court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The plaintiff, however, must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992). As stated by the Supreme Court, the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986) (stating that assertions, for which actual supporting facts are not provided, are properly disregarded).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming district court's dismissal for failure to state a § 1983 claim that state agents had interfered with the

plaintiffs' constitutional right to court access), cert. denied, __ U.S. __, 124 S. Ct. 1508 (2004).

## II. Discussion

Plaintiff files this civil rights action against Ray Stanelle, Bostick State Prison ("Bostick") Chief Counselor; Doug Silvia, Bostick Grievance Coordinator; Ralph Battle, Bostick Warden; Griffin, Bostick Lieutenant; Clark, Bostick Lieutenant; Garry Hall, Bostick Medical Doctor; James Donald, Georgia Department of Corrections ("GDOC") Commissioner; Joseph Ferrero, GDOC Deputy Commissioner; and Alan Adams, GDOC Deputy Commissioner, in their individual and official capacities. (Doc. 1 at 1, 4). In his amendment to the complaint, Plaintiff also brings claims against Victor Walker, Hancock State Prison ("Hancock") Warden. (Doc. 6 at 10-11). Plaintiff presents nineteen claims, asserting violations of his First, Eighth, and Fourteenth Amendment rights and other federal rights.

In Claim 1, Plaintiff states that Griffin retaliated against him for exercising his First Amendment rights and confiscated various legal, religious, and materials for publication, hindering his ability to prosecute ongoing legal cases[1] and publish his

---

[1] Plaintiff currently has two cases pending in the Middle District of Georgia. Williams v. Wetherington, 1:02-CV-126-WLS (M.D. Ga.); Williams v. Chatman, 5:01-CV-292-DF (M.D. Ga.). In Chatman, Plaintiff complained, inter alia, regarding Hancock's grievance procedures, medical care,

4

material. Plaintiff states that he contacted Battle, Adams, and Ferrero, to no avail. (Doc 1 at 4-5; Doc. 6 at 7). In Claim 2, Plaintiff alleges that officials allegedly found contraband in the confiscated material, and Silvia and Stanelle, in retaliation for his exercise of his First Amendment rights, caused him to be written up for lying and possession of contraband. Plaintiff claims that Battle, Adams, and Ferrero were notified but took no action to protect his rights. (Id. at 6-7, at 7). In Claim 3, Plaintiff complains that Clark and Battle did not allow him to present evidence during the ensuing disciplinary hearing and he received 7 days of isolation and 30 days of restriction, during which time he was not allowed access to the courts or writing material. Plaintiff asserts that he notified Adams, Ferrero, and Donald, to no avail. (Id. at 7-8, at 8). In Claim 4, Plaintiff complains that, in retaliation for his exercise of his First Amendment rights: (1) Hall, following Plaintiff's sinus surgery, cancelled his required medical devises and prescribed medication, refused to see him, and refused to allow him to see the operating surgeon, and (2) Hall refused to see him

---

interference with his mail, prison conditions, and retaliatory transfers. Chatman, 5:01-CV-292-DF. The district court, inter alia, dismissed all claims against the Warden and GDOC Commissioner, finding that Plaintiff had failed to allege supervisory liability. Id. The Eleventh Circuit Court of appeals affirmed the dismissal of the Warden and GDOC Commissioner and remanded for further proceedings in regard to, inter alia, retaliatory transfers. Id. That remanded action remains pending. In Wetherington, Plaintiff complained regarding Calhoun State Prison, and that action is currently pending on the magistrate judge's report and recommendation to dismiss for lack of exhaustion of administrative remedies. Wetherington, 1:02-CV-126-WLS.

regarding chest pains and assigned him to inappropriate work duties. Plaintiff asserts that Battle, Stanelle, and Silvia were notified. (Id. at 8-9, at 8). In Claim 5, Plaintiff states that he notified Battle and Donald, to no avail, regarding prison conditions, including overcrowding, inadequate bathroom facilities and lack of sanitation, reduced food, increased prisoner fighting, delayed medical treatment, and extreme noise levels. (Id. at 9-10, at 8). In Claim 6, Plaintiff complains regarding exposure to toxic dust (containing asbestos) from the use of high-speed floor buffers, asserting that Battle and Donald are aware that the Bostick building has been condemned and that the floors contain asbestos. (Id. at 10, at 8). In Claims 7 and 8, Plaintiff asserts that Battle and Donald are subjecting Bostick prisoners to (1) inadequate, and potentially dangerous, fire protection and (2) extreme noise levels that cause stress and increased medical symptoms. (Id. at 11-12, at 9). In regard to Claim 9, Plaintiff states that he is engaged to Juanita Wright, who has raised his children during the last seven years of his incarceration and brings them for prison visits. (Id. at 12, at 9). Plaintiff claims that Silvia, Stanelle, and Battle advised him that Ms. Wright's visits were no longer allowed and their wedding had been cancelled, and a disciplinary report was issued based on his allegedly lying about his and Ms. Wright's relationship. (Id. at 12-13, at 9). In Claim 10, Plaintiff asserts that the above issues have been brought to the

6

defendants attention, the violations of his rights continue, and the Bostick and DOC defendants have a mutual understanding to retaliate against him because of his previous filing of law suits. (Id. at 13, at 9). In Claim 11, Plaintiff complains that Battle, Griffin, and Clark punished him by denying him telephone access at Bostick. (Id. at 14, at 10).

In the amendment to his complaint, Claim 12, Plaintiff asserts that Battle and Donald, by virtue of the unsanitary environment at Bostick, allowed him to be exposed to staph bacteria, which resulted in 12 sores that left scarring. (Doc. 6 at 1, 10). Also in Claim 12, Plaintiff asserts a retaliatory-transfer claim, stating that Battle transferred him from Bostick to Hancock, thus, interfering with Plaintiff's right to marry. Plaintiff asserts that Donald was notified, to no avail. (Id. at 2). In Claim 13, Plaintiff states that, after he arrived at Hancock, he was again transferred, this time to Smith State Prison. Plaintiff claims that Walker, Battle, and Donald, in retaliation for his exercise of his First Amendment rights, transferred him from Hancock to Smith State Prison. (Id. at 2-3, 10-11). In Claim 14, Plaintiff asserts that Silvia and Stanelle have refused to return his previously confiscated material. Plaintiff claims that Battle, Donald, Ferrero, and Adams were notified, to no avail. (Id. at 3-4, 11). In Claim 15, Plaintiff asserts that the defendants refused to provide him a diet in compliance with

his religion and that Battle, Donald, Ferrero, and Adams were notified, to no avail. (Id. at 4, 11). In Claim 16, Plaintiff states that he has not been provided with "celling" arrangements that comply with his religion and that Donald, Ferrero, and Adams were notified, to no avail. (Id. at 4-5, 11). In Claim 17, Plaintiff asserts that his requests for hepatitis vaccinations and testing have been refused and Donald, Ferrero, and Adams were notified, to no avail. (Id. at 5, 12). In Claim 18, Plaintiff asserts that the defendants have conspired to impede court access by asserting lack of exhaustion as a reason to dismiss federal law suits while failing to adequately administer their grievance procedure. (Id. 5-6, 12). In Claim 19, Plaintiff concludes that, cumulatively, the above conditions violate his Eighth Amendment rights. (Id.).

Plaintiff's allegations implicate the constitutional concerns that are briefly referenced below. As held by the Supreme Court, prisoner's retain a fundamental constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977). Additionally, the Eighth Amendment prohibits deliberate indifference to prison conditions that deprive an inmate of essential human needs such as food, clothing, shelter, medical care, and reasonable safety. Helling v. McKinney, 509 U.S. 25, 31-32 (1993). Further, allegations concerning confiscation of a prisoner's property and/or inadequate disciplinary proceedings implicate constitutional due

process concerns. See Young v. Jones, 37 F.3d 1457, 1459-60 (11th Cir. 1994) (pertaining to disciplinary proceedings), cert. denied, 514 U.S. 1054 (1995); Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (pertaining to confiscation of property). Balanced against prison security and administrative concerns, prisoner also retain First Amendment protection in regard to communication rights, religious rights, and, to a limited degree, the right of association. See Overton v. Bazzetta, 539 U.S. 126, 131-32 (2003) (discussing associational rights); O'Lone v. Estate of Shabazz, 482 U.S. 342, 348-53 (1987) (discussing rights to religious freedom); Turner v. Safley, 482 U.S. 78, 84-93 (1987) (discussing communication rights). Although prison assignments and transfers "within the sentence imposed" do not generally implicate constitutional concerns, see Sandin v. Conner, 515 U.S. 472, 480, 483-84 (1995), retaliation for a prisoner's exercise of First Amendment rights generally is actionable under § 1983, Bridges v. Russell, 757 F.2d 1155, 1156 (11th Cir. 1985).

Notwithstanding a prisoner's presentation of claims that implicate constitutional rights, claims for equitable relief become moot upon the prisoner's transfer to a different facility or release from imprisonment. Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986). Thus, upon transfer to a different facility, only damage claims remain potentially viable under § 1983. See id. at 399-400. As to such potentially

9

viable damage claims, the Eleventh Amendment bars official-capacity damage actions against state prison officials. See Kentucky v. Graham, 473 U.S. 159, 169 (1985); Stevens v. Gay, 864 F.2d 113, 114-15 (11th Cir. 1989). Further, a supervisor has no respondeat superior liability for the misconduct of subordinates and is not liable under § 1983 for damages or injunctive relief unless "the supervisor personally participates in the alleged unconstitutional conduct or [] there is a causal connection between the actions of [the] supervising official and the alleged constitutional deprivation." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003); Rizzo v. Goode, 423 U.S. 362, 373-77 (1976) (discussing that officials were not liable for equitable or injunctive relief absent "direct responsibility" for complained of actions). A causal connection may be shown (1) if the supervisor is on notice of historical widespread abuse and fails to take corrective action, (2) the supervisor has a custom or policy that results in the alleged violation, or (3) if facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone, 326 F.3d at 1360. Supervisory officials are not liable under § 1983 for having the "mere right to control without any control or direction having been exercised." Monell v. Dep't of Social Servs., 436 U.S. 658, 694 n.58 (1978) (citing Rizzo, 423 U.S. at 370-371)).

### A.  Claims against the GDOC defendants, Donald, Ferrero, and Adams

#### 1.  Claims 1-12 and 14-17

Plaintiff is no longer incarcerated at Bostick, and his Claims 1-12 and 14-17 for equitable relief in regard to the conditions at Bostick and his treatment at that facility are moot.[2] Further, all related official-capacity damages claims against Donald, Ferrero, and Adams are barred by the Eleventh Amendment. As to the related individual capacity damage claims against Donald, Ferrero, and Adams, Plaintiff has not stated a claim of supervisory liability. Donald functions as the GDOC Commissioner, Ferrero as the GDOC Assistant Commissioner, and Adams as the Director of the Corrections Division, with their offices located in Atlanta, Georgia, see www.dcor.state.ga.us., and Plaintiff does not allege facts showing Donald, Ferrero, or Adams's personal involvement in the complained of actions. Plaintiff's conclusory assertions that Donald, Ferrero, and/or Adams are responsible for various violations

---

[2] To the extent Plaintiff's retaliatory transfer claim for equitable relief in Claim 12 may involve matters that are not moot, Plaintiff's claim that Donald was notified, to no avail, in regard to the transfer from Bostick to Hancock does not state a claim of supervisory liability. Further, to the extent Plaintiff's "celling" and hepatitis vaccination/testing claims for equitable relief, (Claims 16 and 17), pertain to a facility other than Bostick and, thus, may not be moot, Plaintiff's assertions that Donald, Ferrero, and Adams were notified, to no avail, and his conclusory allegations of their responsibility are insufficient to state a claim of supervisory liability. Accordingly, Claim 12 pertaining to retaliatory transfers and Claims 16 and 17 are otherwise subject to dismissal for failure to state a claim. See Rizzo 423 U.S. at 373-77.

11

alleged by Plaintiff; his intermittent assertions that, to no avail, he notified Donald, Ferrero, and/or Adams regarding various violations; and his assertion that the Bostick and DOC defendants have a mutual understanding to retaliate against him because of his previous filing of law suits, are insufficient to state a claim of supervisory liability. See Cottone, 326 F.3d at 1360. Further, even if Plaintiff, in Claim Six, could state a claim of supervisory liability against Donald in regard to his knowledge of asbestos in the flooring at Bostick, because Plaintiff does not allege any personal harm, or that he suffers a continuing substantial risk of serious harm, as a result of the conditions at Bostick, see Farmer v. Brennan, 511 U.S. 825, 834 (1994) (discussing continuing substantial risk of serious harm), he fails to state an individual-capacity damage claim against Donald. Accordingly, Claims 1-12 and 14-17, to the extent they are brought against Donald, Ferrero, and/or Adams, shall be dismissed as moot and for failure to state a claim.

### 2. Claim 13

In Claim 13, brought against Donald and non-GDOC defendants, Plaintiff states, in his factual presentation, that he "was again transferred, this time to Smith State Prison," but does not allege any facts showing that Donald was personally involved in, or had any knowledge of, his transfer to Smith State Prison. (Doc. 6 at

12

3). Plaintiff simply concludes, in his 13th cause of action, that Walker, Battle, and Donald transferred him to Smith State Prison in retaliation for the exercise of his rights. (Id. at 10). Donald cannot be held liable under § 1983 just because he is the GDOC Commissioner. See Monell, 436 U.S. at 694 n.58. Accordingly, this claim against Donald shall be dismissed for failure to state a claim.

### 3. Claims 18 and 19

In Claim 18, Plaintiff asserts that "the defendants" have conspired to impede court access by asserting lack of exhaustion as a reason to dismiss federal law suits while failing to adequately administer their grievance procedure. (Id. 5-6, 12). Plaintiff's conclusory allegations of a conspiracy to impede access to the courts is insufficient to state a claim against Donald, Ferrero, or Adams. See Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (holding that a general conclusory allegation of a conspiracy fails to state a claim). This claim would more appropriately be raised in an action in which a prison-official defendant has asserted lack of exhaustion and Plaintiff can reference specific administrative failures in regard to the grievance procedure. As to Plaintiff's Claim 19, the undersigned has already found that Claims

1-18 are due to be dismissed and now finds that, when the claims are considered cumulatively, the result does not change. Accordingly, Claim 19 shall be dismissed.

### B. Claims against the remaining defendants

Victor Walker functions as Warden of Hancock, located in Sparta, Georgia, and the remaining Defendants are connected, through their employment, with Bostick, in Hardwick, Georgia. Sparta and Hardwick are located in the Middle District of Georgia. Consequently, as the only defendants who are located in this district are no longer parties to this action, venue is improper in this Court, and the proper venue for Plaintiff's remaining § 1983 claims is the Middle District of Georgia, not this district. See 28 U.S.C. § 1391(b); Patterson v. MacDougall, 506 F.2d 1, 4 (5th Cir. 1975) (applying § 1391(b)'s venue provisions to § 1983 action). When venue is improper, as in this case, the court may, in the interests of justice, transfer the case to a district court in which it could have been brought. 28 U.S.C. § 1406(a). Consequently, this Court shall transfer this action to the Middle District of Georgia.

### III. Conclusion

For the reasons stated above, **IT IS ORDERED** that all claims against Donald, Ferrero, and Adams be **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A.

14

**IT IS FURTHER ORDERED** that this § 1983 action is hereby **TRANSFERRED** to the Middle District of Georgia along with all orders, motions, affidavits, pleadings, and exhibits filed herein (if any) for further proceedings under 28 U.S.C. § 1915A and 42 U.S.C. § 1983.

**IT IS SO ORDERED**, this _8_ day of _December_, 2004.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

ATTEST: A TRUE COPY
CERTIFIED THIS

DEC 1 0 2004

Luther D. Thomas, Clerk
By: _Erma Bankhead_
Deputy Clerk

15

AO 72A
(Rev.8/82)