IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DANNY WILLIAMS,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　Plaintiff,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:　　Case No. 5:04-cv-417 (CAR)
v.　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
RAY STANELLE, et al.,　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　Defendants.　　　　　　　　 :

### *ORDER ON THE UNITED STATES MAGISTRATE JUDGE'S*
### *REPORT AND RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 62] that Defendants' Motion for Summary Judgment [Doc. 28] be granted in part and denied in part. Both Plaintiff [Doc. 63] and Defendants [Doc. 65] have filed objections to the Recommendation. Having considered the Recommendation and the parties' objections, the Recommendation is **ADOPTED AND MADE THE ORDER OF THE COURT**.

### *BACKGROUND*

Plaintiff DANNY WILLIAMS, is an inmate in the custody of the Georgia Department of Corrections. He filed the above-captioned action alleging that (1) defendant GRIFFIN wrongfully confiscated his legal and religious materials; (2) defendants STANELLE and SILVIA retaliated against him for exercising his right to free speech; (3) defendant CLARK denied him due process by not allowing him to present evidence during a disciplinary hearing; and (4) defendant HALL was deliberately indifferent to his medical needs.[1] The Magistrate

---

[1] Plaintiff alleges additional claims against defendant BATTLE, but those claims are addressed in a separate recommendation.

1

Judge recommended GRANTING summary judgment as to Plaintiff's claims against defendants STANELLE, SILVIA, CLARK, and HALL; GRANTING summary judgment as to Plaintiff's claim against defendant GRIFFIN for "wrongful confiscation" of his religious materials; and DENYING summary judgment as to Plaintiff's remaining claims against defendant GRIFFIN. Both parties have filed objections to the recommendation. Though each party raises several objections, the Court will address only those that warrant further discussion.

## DISCUSSION

### A. Plaintiff's Objections

Plaintiff argues that the Magistrate Judge erred in recommending that summary judgment be granted as to his claim that his religious materials were wrongfully confiscated. Plaintiff is a member of The Church of Jesus Christ Christian, a religious organization which, in Plaintiff's words, teaches that whites are "a special race of people chosen by God" and that all other races are "inferior beings which are a curse to the special race." Pl.'s Objection 1-2. Among the materials confiscated were two books, entitled Aryan Warrior and Calling Our Nation, the latter of which portrays a swastika prominently on its cover. In recommending that summary judgment be granted as to this claim, the Magistrate Judge concluded that the confiscation was reasonably related to a legitimate penological interest in that the materials promoted religious and ethnic hatred, and therefore jeopardized prison peace and security.

In his Objection, Plaintiff argues that the First Amendment does not permit prisons to impose an outright ban on publications that espouse white supremacy. Pl.'s Objection 2 (citing Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 986 (8th Cir. 2004)). Plaintiff takes this statement out of context. In Murphy, the Eighth Circuit stated that an outright ban on materials promoting

racial supremacy would be overly broad, and explained that a more particularized review of the materials was required before the materials permissibly could be censored. See Murphy, 372 F.3d at 986. ("Before the prison authorities censor materials, they must review the content of each particular item."). Plaintiff admits that his religious materials were sent to the Publications Review Board for review after they were confiscated. Pl. Dep. 55. Because the evidence shows that the materials were not the subject of an outright ban, but were banned for their content (and presumably for the appearance of a swastika on the cover of one of the books), Plaintiff's objection is without merit.

In addition, Plaintiff's objection cites to the Religious Land Use and Institutionalized Persons Act (RLUIPA), which he has not mentioned in any substantial way prior to his objection. The RLUIPA provides, in relevant part, that "no state or local government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, unless the government shows that the burden furthers 'a compelling governmental interest' and does so by 'the least restrictive means.'" Cutter v. Wilkinson, 544 U.S. 709, 715 (2005) (citing 42 U.S.C. § 2000cc-1(a)(1)-(2) (internal alterations omitted). Plaintiff, however, does not explain how the confiscation of his materials did not advance the state's compelling interest in maintaining prison security, nor does he identify other, less restrictive alternatives defendants could have employed.

Finally, Plaintiff contends that the Magistrate Judge erred in concluding that his "wrongful confiscation" claim could not be based on the confiscation of his materials for publication, since there is no established constitutional right for an inmate to publish. Plaintiff cites Abu-Jamal v. Price, a Third Circuit case which ruled unconstitutional a prison regulation

which, as applied, prohibited an inmate from writing and publishing articles. 154 F.3d 128 (3rd Cir. 1998). Plaintiff has not cited, and the Court has been unable to locate, any Supreme Court or Eleventh Circuit decisions recognizing such a right. Accordingly, to the extent that inmates may enjoy a constitutional right to publish, that right has not been "clearly established." See Vinyard v. Wilson, 311 F.3d 1340, 1349-53 (11th Cir. 2002) (discussing method for determining whether a constitutional right is "clearly established"). Defendant Griffin is, therefore, entitled to qualified immunity for having temporarily seized Plaintiff's materials for publication.

### B. Defendant's Objections

In their Objection, Defendants argue that the Magistrate Judge erred in recommending that summary judgment be denied as to Plaintiff's claims that defendant GRIFFIN wrongfully confiscated his legal materials, and in so doing, retaliated against him. Specifically, Defendants argue that the Magistrate Judge erred in his recommendation because Plaintiff failed to proffer any specific, nonconclusory allegations that establish Defendant GRIFFIN's retaliatory motive. This argument is without merit. Plaintiff testified that Defendant GRIFFIN read his materials, including articles criticizing the prison system, and then "snapped ... throwing papers, cursing, [and saying that Plaintiff] wasn't going to have [that paperwork] at the prison." Pl.'s Dep. 11:4-6. This evidence suggests that Defendant GRIFFIN's actions could have been retaliatory. Accordingly, the Court agrees with the Magistrate Judge's recommendation that summary judgment was not appropriate.

Defendants also argue that Plaintiff did not suffer an actual injury as a result of the confiscation of his legal materials. This argument is also without merit. The evidence, viewed in the light most favorable to Plaintiff, shows that Plaintiff was impeded in litigating two of his

4

pending lawsuits.  Under Lewis v. Casey, the impediment or frustration of a nonfrivolous legal claim is sufficient to establish an actual injury.  518 U.S. 343, 352-55 (1996).  Accordingly, the Court agrees with the Magistrate Judge's recommendation that summary judgment be denied as to this claim.

## *CONCLUSION*

For the reasons discussed above, the Court, having considered the parties' objections, agrees with the Magistrate Judge's Recommendation.  The recommendation is therefore **ADOPTED AND MADE THE ORDER OF THE COURT**.

SO ORDERED.  This 29th day of January, 2007.

C/ Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT JUDGE

AEG/ssh