IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DANNY WILLIAMS,

    Plaintiff

VS.

RAY STANELLE, *et al.*,

    Defendants

NO. 5:04-CV-417 (CAR)

PROCEEDINGS UNDER 42 U.S.C. § 1983
BEFORE THE U. S. MAGISTRATE JUDGE

**O R D E R**

On May 18, 2006, plaintiff DANNY WILLIAMS filed a **MOTION TO COMPEL DISCOVERY** against defendant BATTLE. Tab #51. The plaintiff claims that defendant BATTLE has failed to file proper answers to the plaintiff's interrogatories and has failed to provide him with certain documents. *Id*. Defendant BATTLE has filed a response to the plaintiff's motion. Tab #53. The plaintiff seeks a court order directing defendant BATTLE to submit satisfactory answers to individually numbered interrogatories and requests for documents. This Order will deal with the requests in turn.

In plaintiff's **Request for Production Number Three,** he asked defendant BATTLE for documents related to the plaintiff's transfers throughout the Georgia penal system. While the plaintiff originally asked for documents pertaining to thirteen transfers, he has since stipulated that he would accept those documents pertaining only to his transfers from Bostick to Hancock, Hancock to Smith, and Smith to Ware.[1] BATTLE states that he has provided the plaintiff with two documents relating to a transfer from Bostick to Hardwick,[2] but also avers that since the plaintiff previously had

---

[1] The defendants' response states that the plaintiff stipulated to receiving only the transfer information with regard to his transfers from Hancock to Bostick and Bostick to Smith; a review of the letter sent by the plaintiff reveals that the plaintiff had written Bostick to Hancock and Hancock to Smith. There is nothing in the record to reveal which is the correct order of incarceration.

[2] There does not appear to be any other record of a Hardwick State Prison in any other document, nor does there appear to be a Hardwick State Prison in the state of Georgia. This order will assume that Hardwick was meant to be written as Hancock.

a claim regarding retaliatory transfers dismissed with prejudice,[3] BATTLE is not obliged to supply the plaintiff with any information relating to those claims because they are barred by *res judicata*. The court is not persuaded by defendant BATTLE's argument. Even if the claims themselves were barred by *res judicata*,[4] the heart of the plaintiff's claim is that prison officials retaliated against his filing of grievances and/or lawsuits against them,[5] and evidence showing a possibility of a history of retaliation would be discoverable. Furthermore, one of the claims of the case at bar is that the plaintiff was transferred on the eve of his scheduled wedding out of retaliation. Even if only for comparison purposes between that transfer and other transfers (that are not necessarily alleged to have been retaliatory in nature), documentation regarding other transfers could lead to the discovery of admissible evidence.

In plaintiff's **Request for Production Number Seven**, he asks defendant BATTLE to provide him with "Documents detailing, describing, referring to, or related to any grievances filed by plaintiff, including documents detailing the disposition of the plaintiff's grievances." BATTLE provided the plaintiff with the grievances filed while he was at Bostick but refuses to provide any more, contending first that no other grievances are relevant to the case, and second that the plaintiff should already have a copy of every grievance he has filed while in prison. In the view of the undersigned, plaintiff is entitled to copies of grievances submitted while he was incarcerated at Bostick as well as grievances filed subsequent to his transfer from Bostick, and the defendant is directed to furnish the same to him.

---

[3]Case number 5:01-CV-292-2(DF). A copy of the stipulation of dismissal with prejudice is attached to defendant BATTLE's response to the plaintiff's current motion.

[4]The only transfers that would be barred by *res judicata* would be those claims alleged in the plaintiff's complaints in his previous suit or otherwise incorporated into the previous suit, not – as the defendant contends – every transfer that had occurred between the plaintiff's filing of that case and the dismissal of his retaliation claims in that case. The parties have not provided the court specific information on which claims were to have been dismissed in the other case.

[5]The case also includes claims regarding deliberate indifference to the plaintiff's medical needs, cruel and unusual punishment, due process, equal protection, denial of first amendment rights, and denial of the right to marry, many – if not all – of which, the plaintiff alleges are acts of retaliation for his filing of grievances or lawsuits.

In plaintiff's **Request for Production Number Eight**, he requests documents "relating to plaintiff's request to marry, his application for marriage licence, and marriage." Plaintiff contends that he has not received any documents while the defendant claims to have provided twenty eight (28) pages from the plaintiff's institutional file dealing with the plaintiff's relationship with and marriage to Juanita Wright. Since the plaintiff has not filed a reply to the BATTLE's response, the court will assume that the plaintiff has received such documents and this point has been mooted. In addition, the court notes that such information most likely has been provided to plaintiff Williams by the Probate Court of Baldwin County, Georgia pursuant to a subpœna obtained from the court.

In plaintiff's **Request for Production Number Nine,** plaintiff asks for documents relating to inmate transfers that occurred on September 7, 2004. BATTLE avers that any action with respect to that transfer is barred by *res judicata*. As explained above, the court is not convinced that that is the case. Accordingly, any documents relating to the plaintiff's transfer should be turned over to him in discovery. With respect to the plaintiff's requests for information about *other* inmates who were to be transferred, the court understands the safety concerns associated with disseminating such information to inmates; however, plaintiff has averred that he was transferred a day before his scheduled wedding, on a day when other prisoners were supposed to be transferred as well but were not because of inclement weather. The plaintiff has no means by which to prove such an allegation without some documentation from the DOC. The DOC is therefore directed to provide such information to the plaintiff in such a way that does not compromise the prison security.

In plaintiff's **Request for Production Number Thirteen**, plaintiff requests information regarding his transfer from Bostick to Hancock. BATTLE again contends *res judicata*, but also avers that the plaintiff should already have the information requested. The plaintiff is entitled to obtain prison records with respect to his transfer.

In plaintiff's **Request for Production Number Fifteen,** he requests information regarding routine procedure for transferring prisoners from Bostick to Hancock. In response, the defendants provided the plaintiff with the Standard Operating Procedures for transfers within the Georgia prison system. That information appears to be sufficient for the plaintiff's purposes.

In plaintiff's **Request for Production Number Nineteen,** plaintiff asks for personal information regarding defendant BATTLE. Such requests are clearly beyond the scope of anything discoverable and the defendant rightly did not provide such information.

In plaintiff's **Request for Production Number Twenty,** plaintiff asks BATTLE to describe his entire employment history. Such a request is overbroad, but the plaintiff is entitled to know how long the defendant has been employed with the Department of Corrections and in what capacities. The defendant is hereby DIRECTED to provide the plaintiff with the positions he has held (including titles) over the last TEN YEARS, including the nature of the responsibilities associated with each of those positions and the dates he held each position.

**The undersigned notes that there is currently pending before the court a MOTION FOR SANCTIONS. Tab #75. The court has directed plaintiff to file a response thereto and to show cause why his complaint ought not be dismissed. Accordingly, the defendants shall not be required to comply with the directions hereinabove set forth until TWENTY (20) DAYS after the court has ruled on their MOTION FOR SANCTIONS.**

SO ORDERED, this 2nd day of MARCH, 2007.



    CLAUDE W. HICKS, JR.
    UNITED STATES MAGISTRATE JUDGE

4