IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DANNY WILLIAMS, | |
| Plaintiff | NO. 5:04-CV-417 (CAR) |
| VS. | |
| RAY STANELLE, *et al.*, | |
| Defendants | **PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

# RECOMMENDATION

Before the court is defendant WARDEN BATTLE's motion which seeks summary judgment in the above-styled case against the plaintiff DANNY WILLIAMS. The motion is supported by a brief, a Statement of Undisputed Material Facts, and a number of exhibits. Tabs #55-57. After a number of extensions, plaintiff filed a response to defendant Battle's motion and a Statement of Disputed Material Facts, and the affidavit of plaintiff Williams. Tabs #89- #91. Having been given an opportunity to reply, defendant Battle has not done so.

The remaining claims against defendant Battle include allegations that as warden of the institution in which plaintiff WILLIAMS was incarcerated, Battle transferred plaintiff from his prison the day before plaintiff was set to be married and that this transfer was an act of retaliation in response to plaintiff's filing of numerous law suits and grievances against prison officials.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

*The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See* ***Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. ***Hairston v. The Gainesville Sun Publishing Co.***, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. ***Welch v. Celotex Corp.***, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. ***Clark v. Coats & Clark, Inc.***, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

- 2 -

---

[1]*See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

## QUALIFIED IMMUNITY

The defendants have asserted the defense of qualified immunity, which shields government employees from suit if their actions do not violate clearly established federal law. The right for prisoners to be married is clearly established (*Turner v. Safley,* 482 U.S. 78 (1987)), as is the prohibition against prison officials' retaliating against inmates for exercising their First Amendment right to free speech which includes the right to file suit. *Farrow v. West*, 320 F.3d 1235 (11th Cir. 2006). Accordingly, defendant Battle is not entitled to qualified immunity.

## RETALIATION

"A prisoner can establish retaliation by demonstrating that the prison official's actions were the result of his having filed a grievance concerning the conditions of his imprisonment." *Farrow,* 320 F.3d at 1248.

Plaintiff WILLIAMS has alleged that he was transferred within the Department of Corrections out of retaliation for his filing numerous lawsuits against prison administrators and/or staff. Defendant Battle avers that these claims are barred by *res judicata* as they had been dismissed with prejudice in a separate case, *Williams v. Donald, et al.,* M. D. Ga. Case No. 5:01-CV-292. *See* Exhibit 2 to the defendant Battle's brief in support of his motion for summary judgment, Tab #57-6.

The record is incomplete as to what complaints were dismissed by that 2005 stipulation, and while it is clear that the stipulation came after the 2004 transfers, it is unclear whether *Williams v. Donald*, which was filed in 2001, was ever amended or supplemented to include the 2004 transfers.[2] Because that information is not before the court, dismissal of those claims would be inappropriate and the retaliatory transfers must be dealt with on the merits.

- 3 -

---

[2]Defendant Battle has provided an excerpt from a deposition of Danny Williams taken with respect to *Williams v. Donald* in which plaintiff Williams discusses the transfers involved in the instant case. Battle argues that this testimony shows that those transfers were inherently included in the previous case. However, there is no documentary evidence in the record indicating what transfers were included in *Williams v. Donald*. If the instant transfers were not set forth in a complaint, they could not have been subject to the plaintiff's stipulation.

## TRANSFERS FROM HANCOCK TO SMITH AND SMITH TO WARE

Plaintiff has provided the court **no** evidence that defendant Battle had **any** control over the plaintiff's transfers from Hancock State Prison to Smith State Prison or Smith to Ware State Prison. Accordingly, IT IS RECOMMENDED that summary judgment be **GRANTED** with respect to those transfers. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

## TRANSFER FROM BOSTICK TO HANCOCK AND PROHIBITION TO MARRY

Plaintiff Williams has alleged that defendant Battle, as warden of Bostick State Prison (Bostick) first attempted to prevent Williams from getting married and then — in retaliation — transferred him from Bostick on the day before the scheduled date of the wedding.

Plaintiff's relationship with his then fiancé Juanita Wright is somewhat complicated; defendant Battle claims that he was not trying to prevent plaintiff from marrying *per se*, but rather he was trying to prevent plaintiff from marrying plaintiff's own sister as Miss Wright had been listed on visitation documents.[3] Once Battle realized that plaintiff and his fiancé were not related by blood, Battle did all that was necessary to arrange a wedding date, and in fact a date was set for September 8, 2004.

At some time in August or early September, defendant Battle had requested that plaintiff be transferred from his prison. Battle alleges that this transfer was initiated because "[p]laintiff caused unrest with the staff, officers and other inmates by constantly alleging problems." Tab #57-2 at 7. Battle goes on to say that plaintiff was not transferred because of any lawsuits (about which Battle claims to have been unaware) or because of plaintiff's impending marriage. *Id.* Plaintiff claims that Battle *was* aware of the other lawsuits he had filed and claims that Battle had made it clear to him that plaintiff was not going to be married in his prison.

---

[3]Plaintiff and Miss Wright's parents had been married for a short period of time, but plaintiff and Miss Wright are not related by blood. According to plaintiff, when he entered the prison system he was instructed by a warden at another prison to list Miss Wright as his sister rather than his fiancé because at least one of their divorces was not final.

Battle claims that transfers had to be considered and approved by his superiors in the Department of Corrections and that he had no control over the exact date of the transfer which occurred on September 7, 2004, the day before the planned wedding.

Plaintiff Williams claims that transfers of all other prisoners were cancelled on September 7, 2004, a claim which Battle refutes, but neither party has provided any evidence on this matter other than his own sworn testimony in support of his contention.

Plaintiff Williams has filed a number of exhibits along with his response to the defendants' motion for summary judgment, and the exhibits show that Williams had filed a number of grievances and lawsuits over the course of his incarceration within the Department of Corrections which includes the time he spent at Bostick.

Viewing the totality of the circumstances — the numerous grievances and lawsuits, the stated reason for the transfer, the allegation that the transfer occurred on a day when transfers of all other inmates were cancelled, and the fact that the transfer occurred the very day before plaintiff Williams was set to be married — the undersigned finds that plaintiff Williams has "allege[d] a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). That being the case, further factual development is necessary in order to determine whether defendant Battle retaliated against plaintiff Williams when he requested that plaintiff be transferred.

Accordingly, IT IS RECOMMENDED that defendant Battle's Motion for Summary Judgment (Tab #55) be **DENIED** with respect to plaintiff's claims regarding a retaliatory transfer from Bostick State Prison. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 18th day of JULY, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE