IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DANNY WILLIAMS,                :
                               :
    Plaintiff,           :
                               :    Case No. 5:04-cv-417 (CAR)
v.                             :
                               :
RAY STANELLE, et al.,          :
                               :
    Defendants.          :
_____

### ORDER ON THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 92] that Defendant Ralph Battle's Motion for Summary Judgment [Doc. 55] be granted in part and denied in part. Both Plaintiff [Doc. 93] and Defendant [Doc. 94] have filed objections to the Recommendation. Having considered the Recommendation and the parties' objections, the Recommendation is **ADOPTED AND MADE THE ORDER OF THE COURT**.

### BACKGROUND

Plaintiff Danny Williams is an inmate in the custody of the Georgia Department of Corrections. He filed the above-captioned § 1983 action against several defendants, including Defendant Battle, the Warden of Bostick State Prison. Plaintiff alleges that, while incarcerated at Bostick State Prison, Defendant Battle transferred him to another prison the day before his scheduled wedding—a day when all other prisoner transfers were cancelled due to inclement weather. Plaintiff alleges that this transfer was an act of retaliation in response to the numerous lawsuits and grievances he filed against prison officials. Plaintiff further alleges that Defendant

1

Battle was responsible for his transfers from Hancock State Prison to Smith State Prison, and from Smith State Prison to Ware State Prison.

The Magistrate Judge recommended granting summary judgment as to Plaintiff's claims relating to his transfers from Hancock State Prison to Smith State Prison and from Smith State Prison to Ware State Prison. The Magistrate Judge reasoned that Plaintiff failed to provide any evidence showing that Defendant Battle had any control over those transfers.

However, the Magistrate Judge recommended denying summary judgment as to Plaintiff's claim relating to his transfer from Bostick State Prison to Hancock State Prison, finding that Plaintiff had "alleged a chronology of events from which retaliation may be plausibly inferred." Specifically, in viewing the facts in the light most favorable to Plaintiff, the non-moving party, the Magistrate Judge concluded that a reasonable juror could find that Defendant Battle was aware of Plaintiff's numerous lawsuits and grievances, that he ordered Plaintiff's transfer on a day when all other transfers were cancelled, and that he purposely scheduled Plaintiff's transfer for that day, because it was the day before Plaintiff's planned wedding.

## DISCUSSION

### A. Plaintiff's Objections

Plaintiff contends that the Magistrate Judge erred in dismissing his claims relating to his transfers from Hancock State Prison to Smith State Prison and from Smith State Prison to Ware State Prison. Plaintiff does not dispute the Magistrate Judge's finding that Defendant Battle had nothing to do with those transfers. Indeed, Plaintiff seems to agree that the wardens of those institutions were the individuals responsible for those transfers. (Pl.'s Objection, doc. 93, ¶¶ 2-

3.)

Instead, Plaintiff argues that the Magistrate Judge erred in recommending the dismissal of those parties, earlier in the litigation. Plaintiff's Objection merely beseeches the Court to revisit issues which it has already decided. Specifically, with respect to Plaintiff's transfer from Hancock State Prison to Smith State Prison, the Court previously dismissed Plaintiff's claim, finding no allegations in Plaintiff's complaint that the Warden of Hancock State Prison, Victor Walker, personally participated in, or otherwise ordered, that transfer. (Mag. J.'s Order & Recommend'n, doc. 11, p. 2, Order Adopting Recommend'n, doc. 43.) Likewise, the Court previously denied Plaintiff leave to amend his complaint to add claims relating to his transfer from Smith State Prison to Ware State Prison, finding that "permitting Plaintiff to further amend his complaint [nearly three years into the litigation] would create a substantial delay in the resolution of his original claims." (Order Denying Mot. to Supplement, doc. 88, p. 1.) The Court stands by its earlier rulings on these issues.

### B. Defendant's Objections

In his Objection, Defendant argues that the Magistrate Judge erred in recommending that summary judgment be denied as to Plaintiff's remaining claim against Defendant Battle. Specifically, Defendant Battle argues that the Magistrate Judge erred in finding that Plaintiff's wedding was scheduled for September 8, 2004. Defendant Battle alleges that "there is nothing contained in [the] records, . . . other than [Plaintiff's] self-supporting statements, to show that September 8, 2004, was ever scheduled to be Plaintiff's wedding date." (Def.'s Objection, doc. 94, p. 3.) Defendant further argues that Plaintiff's marriage records "show that Plaintiff's wedding was actually scheduled for October 2004." (Def.'s Objection, doc. 94, p. 3.)

Defendant's argument is meritless.  On summary judgment, a court must "view the evidence and all justifiable inferences in the light most favorable to the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254-55 (1986).  Additionally, the court must "not make credibility determinations or weigh the evidence." Id.; see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).  Defendant's first argument asks the Court to draw inferences from the record in its favor.  Nothing in Plaintiff's marriage records definitively establishes or refutes Plaintiff's allegation that his wedding was originally scheduled for September 8, 2004.  Plaintiff's marriage records demonstrate that Plaintiff and his fiancee applied for a marriage license in early-August 2004, and were actually married in October 2004.  Defendant asks the Court to infer that, because Plaintiff was actually married in October 2004, his wedding must have been scheduled for October 2004 all along.  Plaintiff's sworn affidavit, however, contradicts Defendant's theory of the case. (Pl.'s Aff., doc. 91, ¶ 13.)  Accordingly, on summary judgment, the Court must accept Plaintiff's version of the facts as true, and therefore it must find that a genuine issue of material fact exists as to whether Plaintiff's wedding was scheduled for September 8, 2004.

Defendant next argues that the Magistrate Judge erred in concluding that Plaintiff's transfer took place on a date when all other prisoner transfers were cancelled due to weather.  In support of its argument, Defendant produces a document never before filed with the Court. (Def.'s Objection, doc. 94, exh. 2.)  The document, titled "Report for Bostick State Prison," purports to list the prisoner transfers in and out of Bostick State Prison scheduled for September 7, 2004.  However, it is unclear from the report whether those transfers *actually occurred*, or whether they were merely *scheduled* to occur.  Defendant has produced no affidavit or other

4

explanatory documentation to clarify the ambiguity in the report. Accordingly, the Court cannot definitively conclude from the report that the transfers actually occurred. The Court, therefore, finds that summary judgment in favor of Defendant is inappropriate.

Finally, Defendant argues that the Magistrate Judge erred in finding that Defendant controlled the date of Plaintiff's transfer. Again, the record is ambiguous as to this issue, and the factual disputes must be resolved in Plaintiff's favor.

## *CONCLUSION*

For the reasons discussed above, the Court, having considered the parties' objections, agrees with the Magistrate Judge's Recommendation. The recommendation is therefore **ADOPTED AND MADE THE ORDER OF THE COURT**.

SO ORDERED. This 7th day of August, 2007.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT JUDGE

AEG/ssh