THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DANNY WILLIAMS,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action |
| : | No. 5:04-cv-417 (CAR) |
| **MICHAEL GRIFFIN and RALPH BATTLE,** : | |
| : | |
| Defendants. : | |
| : | |

## ORDER ON MOTION FOR NEW TRIAL

This case was tried before a jury on February 13, 2008. The jury rendered a verdict in favor of Defendants, and judgment was so entered. Plaintiff has since filed a Motion for New Trial, in which he alleges that the verdict was against the weight of the evidence, that he was denied an impartial jury due to the delay by officials from Ware State Prison in transporting Plaintiff to court, and that he was denied a meaningful opportunity to represent himself because the same prison officials denied his medications. In his Motion for New Trial, Plaintiff also requests that the Court provide him with a transcript of the trial.

No new trial is warranted in this case. Because a jury's findings on questions of fact are entitled to deference, "new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great – not merely the greater – weight of the evidence." Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001). Having heard the evidence in this case, the Court is of the opinion that there was no manifest injustice and that the jury's verdict was consistent with the evidence.

The factual questions in this case were simple. The jury considered (a) whether the

1

Defendants denied Plaintiff access to the courts by confiscating his legal materials upon his arrival at Bostick State Prison, (b) whether the Defendants confiscated his legal materials in retaliation for his filing of past lawsuits and grievances, and (c) whether Defendant Battle transferred Plaintiff to another prison on the eve of his scheduled wedding in retaliation for his filing of past lawsuits and grievances.  Resolution of these factual disputes primarily depended upon judgments as to the credibility of witnesses, a task for which juries are uniquely suited.  The jury's verdict indicated that it judged the Defendants' version of the events more credible than Plaintiff's.

There was no "pernicious or undesirable occurrence at trial" that would call into question the soundness of the jury's verdict.  See Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir. 1984).  Plaintiff proceeded *pro se* and represented himself capably.  Counsel for the Defendants acted professionally.  Both sides were able to admit the necessary evidence and there were no significant disputes as to the admission of evidence.  Plaintiff presented his own testimony and the testimony of his wife.  After closing his evidence, Plaintiff was permitted to reopen his case to call the Defendants for the purpose of cross examination.  Plaintiff has pointed to no specific concerns as to the process of the trial.  There is no reason in this case for the Court to question the verdict of the jury.

Moreover, there is no reason to question the fairness of the jury itself.  For jury selection, Plaintiff had the volunteer assistance of an experienced attorney, McNeill Stokes, who had previously conducted *voir dire* of the jury panel for a similar Section 1983 case.  Plaintiff's late appearance, though no doubt inconvenient to the members of the panel, did not prejudice the impartiality of the jury.  His tardiness was not his fault, but was due to the failure of the officials of the prison where he was confined to comply with the orders of the Court.  Those officials were

called to appear before the Court and account for their failure.  The jury was aware that Plaintiff was a prisoner in state custody, and would have realized that his ability to appear on time was wholly dependent on the state.  The Court is aware of nothing that would indicate that the jury held this tardiness against Plaintiff.

Finally, Plaintiff contends that he was unable to represent himself effectively because he was denied his medications.  On the day of his trial, however, Plaintiff made no objection that he was unable to proceed for health reasons.  Plaintiff appeared to be in good health and mentally alert during his trial, and he represented himself capably.  He has failed to show that the alleged failure to provide him with his medications prejudiced him in any way.

As to Plaintiff's request for a transcript, he has not shown that he is entitled to a transcript at the Government's expense.  Ordinarily a party in a civil lawsuit must pay the court reporter for any transcript he wishes to obtain.  28 U.S.C. § 753(f)  A plaintiff proceeding *in forma pauperis* may be entitled to receive a transcript at Government expense only where the court finds that his appeal is not frivolous, but presents a substantial question.  Id.  In this case, the Court cannot find that Plaintiff has presented a substantial question in his Motion for New Trial.  This was a short and simple case, and to the extent that there are specific arguments to be made related to the evidence or procedure of the trial, Plaintiff is capable of raising them based on his memory.  He has not made the Court aware of any specific errors of law or evidence to support his Motion for New Trial, and thus has not shown the existence of any substantial question that would merit an order to provide him a free transcript.

Accordingly, Plaintiff's Motion for New Trial (Doc. 128) is **DENIED**. In addition, his "Motion for Judicial Notice" (Doc. 129) is also **DENIED**, as it fails to request any relief that the Court may grant.

It is SO ORDERED this 6th day of February, 2009.

                                    S/ C. Ashley Royal
                                    C. ASHLEY ROYAL, JUDGE
                                    UNITED STATES DISTRICT COURT

chw